UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-CV-08447-CAS-AGRx | Date | December 18, 2023 |
|---|---|---|---|
| Title | NOB HILL GENERAL STORE INC. V. GENERAL REINSURANCE CORPORATION ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Sheri Kleeger | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

John Salisbury          Alan Barbanel

**Proceedings:**    ZOOM HEARING RE: MOTION TO STRIKE PORTIONS OF ANSWER OF NOB HILL GENERAL STORE, INC TO COUNTERCLAIM OF GENERAL REINSURANCE CORPORATION (Dkt. 12, filed on NOVEMBER 20, 2023)

## I.    INTRODUCTION

On July 21, 2023, plaintiff Nob Hill General Store, Inc. ("Nob Hill") filed this action against defendant General Reinsurance Corporation ("GRC") and Does 1 through 25 in Los Angeles Superior Court. Dkt. 1 at 1. On August 8, 2023, Nob Hill filed the operative first amended complaint ("FAC"), alleging claims for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) declaratory relief. Dkt. 1-1. On October 6, 2023, GRC filed a notice of removal on diversity grounds pursuant to 28 U.S.C. § 1332 and § 1441(a), contending that it is a citizen of both Delaware and Connecticut and that Nob Hill is a citizen of California. Dkt. 1.

On October 10, 2023, GRC filed an answer to the FAC and asserted counterclaims against Nob Hill, alleging claims for (1) declaratory relief—allocation; (2) declaratory relief—not bound by the 2000 compromise and release ("C&R"); (3) declaratory relief—late notice; (4) declaratory relief—administrative costs; (5) declaratory relief—penalties; and (6) declaratory relief—no bad faith. Dkt. 7. On October 31, 2023, Nob Hill filed an answer to GRC's counterclaim. Dkt. 11.

On November 20, 2023, GRC filed a motion to strike portions of Nob Hill's answer to GRC's counterclaim. Dkt. 12. On November 22, 2023, Nob Hill filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-CV-08447-CAS-AGRx | | Date | December 18, 2023 |
|----------|------------------------|--|------|-------------------|
| Title | NOB HILL GENERAL STORE INC. V. GENERAL REINSURANCE CORPORATION ET AL. | | | |

opposition to the motion to strike. Dkt. 13. On December 4, 2023, GRC filed a reply in support of its motion to strike.

On December 18, 2023, the Court held a hearing on GRC's motion to strike. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.      BACKGROUND

Nob Hill alleges the following facts in the FAC. Nob Hill purchased an Excess Workers Compensation insurance policy (the "GRC Policy"), no. X-12038, with an effective date of coverage from April 1, 1987, to March 3, 1993. FAC ¶ 7. Pursuant to the GRC Policy, GRC agreed to indemnify and pay to Nob Hill "for any 'loss' resulting from an occurrence during the policy period, including all benefits paid under the Workers Compensation laws of the state of California and claim expenses in the form of litigation costs, interest on awards or judgments, claim investigation or legal expenses allocated to a specific claim," that exceed a $400,000 "Retention." Id. ¶ 8.

### A.      Dudley Stewart's Workers Compensation Case

Dudley Stewart was a truck driver employed by Nob Hill who had an admitted specific injury on December 29, 1992, and filed a workers compensation claim after six men attacked him while he was delivering products. Id. ¶ 10. The 1992 admitted claim, with claim number 0839-WC-92-0503501, was reported to GRC's designated claims administrator in a timely manner pursuant to the GRC Policy. Id. ¶¶ 10-11. Qualified Medical Examiner ("QME"), Dr. John Carr, determined that the entirety of Stewart's disability was apportioned to or caused by the 1992 specific industrial injury and claim. Id. ¶¶ 12-13. The Workers Compensation Appeals Board (the "WCAB") issued a Stipulated Award on May 30, 1995, that resolved the permanent disability benefits for the 1992 injury, but "any need for further medical was left open for the entirety of Stewart's life." Id. ¶ 14.

Stewart subsequently filed a 1986 to March 23, 1998 continuous trauma ("CT") claim and a February 4, 1997 specific claim, both of which were denied by Nob Hill's claims administrator. Id. ¶¶ 15-16. After the claims were denied, one psychiatric QME report was obtained, which indicated that Stewart's psychiatric injury was caused by the 1992 injury alone. Id. ¶ 18. While Stewart's QME "attributed [his] then current neck,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                 **'O'**

| Case No. | 2:23-CV-08447-CAS-AGRx | Date | December 18, 2023 |
|---|---|---|---|
| Title | NOB HILL GENERAL STORE INC. V. GENERAL REINSURANCE CORPORATION ET AL. | | |

right upper extremity, and epicondylitis complaints to the alleged combined effects of the denied CT and the admitted 1992 specific," Nob Hill's QME determined that there were no 1997 injuries or CT. Id. ¶¶ 20-21. A compromise settlement and Award in 2000 resolved the denied CT and 1997 specific injury claims and specifically asserted that Stewart was "not resolving his existing legal right to continue to receive all lifetime medical treatment for his injuries under that 1992 injury Award." Id. ¶ 22.

Nob Hill is required as a matter of law to pay for Stewart's continuing medical treatment under the 1992 Award. Id. ¶¶ 23-24. Nob Hill alleges it "has indivisible and un-apportionable liability for all of Stewart's further medical treatment as a result of the 1992 injury" and that GRC is liable for the entire loss pursuant to the terms in the GRC Policy and "concurrent causation" insurance law doctrine. Id. ¶¶ 25-26.

### B.     GRC's Breach of the Policy

In 2016, Nob Hill, through its claims administrator, started requesting that GRC begin reimbursing the ongoing payments for the 1992 injury in excess of the $400,000 Retention. Id. ¶ 29. In 2017, GRC, through its claims administrator, began to respond to the reimbursement demands and requested additional information, with which it was provided. Id. ¶ 30. In 2018, GRC issued a reservation of rights letter, which "asserted that it is the burden of Nob Hill to establish that all losses for which it seeks excess indemnity were due to the [1992 injury]," but it did not deny coverage. Id. ¶¶ 31-32. Nob Hill and its claims administrator continued to demand reimbursement, retained counsel in 2022 who also demanded reimbursement, and "pointed out that it is the burden of GRC to review and audit documents and to point out any specific payment, if any, it asserts was not related to the 1992 claim." Id. ¶ 33. As of the time Nob Hill filed the FAC, GRC had failed to make any reimbursements. Id.

## III.   LEGAL STANDARD

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979). To meet this lenient "fair notice" standard, a defendant need only state "the nature and grounds for the affirmative defense." See, e.g., Vogel v. Linden Optometry APC, No. 2:13-cv-00295-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-CV-08447-CAS-AGRx | Date | December 18, 2023 |
|---|---|---|---|
| Title | NOB HILL GENERAL STORE INC. V. GENERAL REINSURANCE CORPORATION ET AL. | | |

GAF-SH, 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013); Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012).  A matter is "immaterial" within the meaning of Rule 12(f) if it "has no essential or important relationship to the claim for relief or the defenses being plead," and "impertinent" matters are "statements that do not pertain, and are not necessary, to the issues in question."  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (internal citations omitted).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  "However, motions to strike are typically viewed with disfavor because they are often used for purposes of delay, and because of the strong judicial policy favoring resolution on the merits."  Harbor Breeze Com. v. Newport Landing Sportfishing, Inc., No. 8:17-cv-01613-CJC-DFM, 2018 WL 4944224, at *1 (C.D. Cal. Mar. 9, 2018).  "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court."  California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

"Neither the United States Supreme Court nor the Ninth Circuit has determined what standard should be used to determine the sufficiency of a defendant's affirmative[] defenses, and accordingly, there has been significant disagreement amongst federal district courts within this Circuit."  Schwarz v. Meinberg, No. 2:13-cv-00356-BRO-PLA, 2016 WL 4011716, at *3 (C.D. Cal. July 15, 2016).  "Within this district, the majority of courts to address the issue have applied the fair notice standard."  See id. (collecting cases).  "The standard only necessitates describing the defense in 'general terms,' and 'a detailed statement of facts is not required.'"  Rosen v. Masterpiece Mktg. Grp., LLC, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016) (internal citation omitted).

## IV.    DISCUSSION

GRC seeks to strike Nob Hill's thirteenth affirmative defense of collateral estoppel and the phrase "Workers Compensation" in paragraphs seven, eight, nine, and eleven in Nob Hill's answer to GRC's counterclaim.[1]  Dkt. 12-1 at 2.  GRC argues that the GRC

---

[1] In its thirteenth affirmative defense, Nob Hill alleges that GRC "cannot re-litigate, and is bound by the findings, evidence, and Awards in the Dudley Stewart WCAB

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-CV-08447-CAS-AGRx | Date | December 18, 2023 |
|----------|------------------------|------|-------------------|
| Title | NOB HILL GENERAL STORE INC. V. GENERAL REINSURANCE CORPORATION ET AL. | | |

Policy is an Excess Insurance Policy for Self-Insurer of Workers Compensation, which is distinct from a workers compensation insurance policy under California law. Id. at 6-7. Pursuant to the California Workers Compensation Act, GRC asserts that Nob Hill is a self-insuring employer that retains the obligation to "secure" the payment of the employee's "compensation." Id. at 7-8; see also Cal. Lab. Code § 3700. Thus, while Nob Hill must pay workers compensation benefits, GRC argues that the GRC Policy is an excess indemnity policy that merely provides for the indemnification of Nob Hill for payments of workers compensation benefits above the applicable retentions. Dkt. 12 at 9.

Because the GRC Policy is not a workers compensation insurance policy as a matter of law, GRC argues that Nob Hill's thirteenth affirmative defense of collateral estoppel is legally insufficient. Id. at 9-10. According to GRC, "an excess indemnity carrier may challenge facts stipulated or awarded in prior WCAB proceedings in which it did not participate, because the WCAB does not have exclusive jurisdiction over excess indemnity carriers." Id. at 10. GRC asserts that the dispute in this action is not what compensation Stewart is entitled to receive, which the WCAB already determined, but "whether amounts Nob Hill alleges as excess loss are subject to reimbursement under the GRC Policy." Id. at 11. According to GRC, the Court has jurisdiction over this issue, and GRC is not bound by the WCAB proceedings, as Nob Hill does not allege that GRC was a party to the proceedings; had notice of or an opportunity to protect its interests in the proceedings; had interests aligned with those of Nob Hill; or had notice of the claims when either the Award or compromise was entered. Id. at 11-12. Thus, GRC argues that the Court should strike the thirteenth affirmative defense because "an excess indemnity carrier will not be collaterally estopped from litigating facts relevant to coverage, even if those facts were previously determined in underlying WCAB proceedings." Id. at 13.

Additionally, GRC argues that it will be prejudiced by the mischaracterization of the GRC Policy as a workers compensation policy. Id. at 13. GRC asserts that Nob Hill's framing of the issue as one involving workers compensation could improperly lead a jury to infer "that the issues at stake in the matter could influence whether an injured worker receives compensation," even though this litigation cannot impact the benefits

---

proceedings pursuant to the terms of the GRC policy and by law, and [GRC] may not seek to re-litigate or create new evidence against its own insured in an effort to deny benefits." Dkt. 11 at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:23-CV-08447-CAS-AGRx | Date | December 18, 2023 |
|---|---|---|---|
| Title | NOB HILL GENERAL STORE INC. V. GENERAL REINSURANCE CORPORATION ET AL. | | |

owed to Stewart by Nob Hill. <u>Id.</u> at 13-14. Finally, GRC contends that failing to strike Nob Hill's "Workers Compensation" language may quickly lead to "unnecessary and irrelevant discovery and motion practice." <u>Id.</u> at 13.

In opposition, Nob Hill argues that GRC's motion to strike is an improper attempt to obtain summary adjudication of disputed matters. Dkt. 13 at 3. Nob Hill asserts that it does not allege in its answer that the GRC Policy is a primary rather than excess policy, but that it uses the phrase "excess workers compensation policy" as shorthand for the GRC Policy title, "Excess Insurance Policy for Self-Insurer of Workers Compensation and Employers Liability." <u>Id.</u> at 4. As other cases cited by GRC refer to these policies as "excess workers[] compensation insurance policies," Nob Hill contends that GRC's motion to strike this phrase is "frivolous." <u>Id.</u> at 4-5. Further, Nob Hill asserts that there are four purposes for pleading its thirteenth affirmative defense: (1) to avoid "plead it or lose it;" (2) "to preserve the argument that GRC is bound by the evidence and the Awards obtained in the Stewart WCAB proceedings;" (3) to preserve the argument that Nob Hill seeks reimbursement for liability imposed as a result of the 1992 Award, which binds GRC pursuant to the GRC Policy and "concurrent causation" doctrine; and (4) to preserve the argument "that an insurer cannot re-litigate the facts and findings in an underlying case against its own insured in order to deny benefits (absent fraud)." <u>Id.</u> at 6-8. Thus, Nob Hill argues that "GRC cannot ignore workers compensation law, re-litigate the workers[] compensation case, ignore the 1992 Award, ignore the substantial medical evidence and inferences already procured in those cases that favored Nob Hill, or seek to explain that evidence away." <u>Id.</u> at 8. Finally, Nob Hill distinguishes this action from the cases cited by GRC. <u>Id.</u> at 9-11.

In reply, GRC argues that a motion to strike is the "'primary procedure' for objecting to the legal sufficiency of an affirmative defense." Dkt. 14 at 2; <u>see also</u> Wright & Miller, 5C Fed. Prac. & Proc. Civ. §§ 1380-81 (3d ed.). According to GRC, Nob Hill has not shown how it would be prejudiced by retitling references to the GRC Policy, regardless of how other cases have referred to these policies, or by the Court's striking an affirmative defense that lacks legal merit. Dkt. 14 at 2-3, 5. GRC argues that it filed the instant motion to maintain from the outset of this action the distinction between excess insurance for a self-insurer, such as the GRC Policy, and excess workers compensation insurance. <u>Id.</u> at 3; <u>see also</u> <u>Millman v. Contra Costa County</u>, No. ADJ1527853, 2013 WL 6987191, at *2 (Dec. 5, 2013). GRC alleges that this is the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-CV-08447-CAS-AGRx | Date | December 18, 2023 |
|---|---|---|---|
| Title | NOB HILL GENERAL STORE INC. V. GENERAL REINSURANCE CORPORATION ET AL. | | |

relevant distinction, rather than that between primary and excess policies. Dkt. 14 at 4-5. Moreover, GRC argues that "[t]he fact that the GRC Policy is not workers compensation insurance is what prevents prior WCAB proceedings from giving rise to collateral estoppel, a point Nob Hill's Opposition completely ignores." Id. at 5. GRC distinguishes this action from the cases cited by Nob Hill because the GRC Policy only obligates GRC to indemnify, not to defend, the insured, and the cases do not address either collateral estoppel or similar facts to those in this action. Id. at 6-7. Further, GRC argues that the Court should disregard Nob Hill's concurrent causation argument because it does not relate to the issue of collateral estoppel and is "severely flawed." Id. at 10-11. Finally, GRC reiterates that the Award in the underlying WCAB proceedings does not preclude it from determining the number and extent of Stewart's injuries in this Court. Id. at 11.

While it appears that GRC may be correct that issue preclusion does not apply in this action because the GRC Policy is an excess indemnity policy, the Court finds that it is premature to strike Nob Hill's thirteenth affirmative defense. GRC has "fair notice" of Nob Hill's affirmative defense of collateral estoppel, such that Nob Hill sufficiently pled its affirmative defense for purposes of overcoming a motion to strike. Moreover, the availability of an affirmative defense is better decided on a complete record. Further, allowing Nob Hill to keep its affirmative defense will not change the scope of discovery because the parties will likely be required to establish the same set of facts to litigate the claims before the Court. Thus, the Court finds that it is inappropriate to strike the thirteenth affirmative defense and the phrase "Workers Compensation" in paragraphs seven, eight, nine, and eleven in Nob Hill's answer to GRC's counterclaim, at this juncture. Accordingly, the Court denies GRC's motion to strike.

**V.      CONCLUSION**

In accordance with the foregoing, the Court DENIES GRC's motion to strike portions of Nob Hill's answer to GRC's counterclaim.

IT IS SO ORDERED.

| | 00 | : | 13 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |